**In re Ernell COOK, Sr., Debtor.**

**Bankruptcy No. 93–00324.**

United States Bankruptcy Court,
N.D. Florida,
Gainesville Division.

April 18, 1994.

Arthur G. Haller, Gainesville, FL, for debtor.

Leigh Hart, Tallahassee, FL, Trustee.

### ORDER FOR DISGORGEMENT OF FEES

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER is before the court *sua sponte* pursuant to F.R.P.B. Rule 2017(a) for determination as to whether the fees paid by the debtor in this case to his attorney for services rendered was excessive. A hearing was conducted on March 31, 1994 on notice to the debtor's attorney, Arthur G. Haller, following which Mr. Haller was directed to file with the court his time records reflecting services rendered in connection with this case. Having reviewed the time records submitted by Mr. Haller, the entire case file, and having considered the testimony of the debtor, I find that the fees received by Mr. Haller in connection with this case are excessive and Mr. Haller will be directed to refund to the debtor the sum $750.00.

This case was commenced on November 10, 1993 by the filing of a petition for relief under Chapter 13 of the Bankruptcy Code. Prior to the filing of this case, the debtor paid his retained attorney, Mr. Haller, the sum of $1,525.00 plus a filing fee of $150.00 for the Bankruptcy Court. The petition for relief was accompanied by the schedules and statement of affairs as required by 11 U.S.C. § 521(1). Thereafter, the only document filed in this case containing the signature of the debtor or his counsel prior to March 1, 1994, was a stipulation for adequate protection with the holder of the mortgage on the debtor's homestead prepared by the creditor's counsel and filed with the court on December 13, 1993. Thereafter, nothing was filed by the debtor until a Chapter 13 plan was filed March 1, 1994, following the filing of a motion to dismiss by the Chapter 13 trustee. On April 11, 1994, the debtor filed a request for voluntary dismissal of this case.

At the hearing on this matter, Mr. Haller advised the court that the petition had been

filed to save the substantial equity in the debtor's homestead from a foreclosure sale but that the debtor had marital and employment problems which prevented him from proposing and making payments under a plan. The debtor testified that Mr. Haller had assisted him and that as a result of the time spent under Chapter 13, he had been able to obtain a contract to sell the home and thus salvage his equity. However, the debtor further testified that he did not recall any discussions with Mr. Haller regarding the necessity for filing a Chapter 13 plan.

Mr. Haller's time summaries reflect that following the initial preparation of the petition of related documents, there was no activity related to a preparation of a Chapter 13 plan until February 4, 1994, on which date Mr. Haller's paralegal drafted a preliminary plan. The only substantive activity by Mr. Haller as reflected in the time sheets after the petition was filed relate to the review of the stipulation for adequate protection and discussions relating to a relief from stay motion regarding the debtor's automobile. In February Mr. Haller spent an hour and a half reviewing and revising the proposed Chapter 13 plan and meeting with his client, however by that time, the plan was some two months late in being filed and a motion to dismiss had already been filed by the trustee. Finally in March, Mr. Haller performed some services for the debtor relating to contracting for the sale of his residence. Much of the time logged by Mr. Haller consists of nothing more than reviewing pleadings, many of them standard forms used by the bankruptcy court, with no action being taken with relation to any of those pleadings. Mr. Haller's paralegal logged 8.05 hours at $50.00 per hour, with 2.35 of those hours consisting of either copying documents, mailing documents, or faxing documents.

■ The $1,525.00 received by Mr. Haller in connection with this case is clearly excessive in relation to the services provided and the benefit to the debtor or estate. With the exception of filing the petition and schedules and obtaining the benefit of the automatic stay, Mr. Haller did virtually nothing to advance the reorganization of this debtor's affairs. While he logged a total of 8.8 hours in his time records, the majority of that time served absolutely no useful purpose. While normally review of documents, pleadings, and correspondence is compensable for attorneys, when that is all which is being done by an attorney who has already received substantial fees and has an obligation to advance his client's cause it takes on an aspect of merely padding time records. With respect to the hours logged by the paralegal for copying, mailing, and faxing, these are services that normally are and should be performed by secretarial or clerical help and should not be compensated at the rate of $50.00 per hour.

■ In view of the lack of action on Mr. Haller's part towards effectuating a successful Chapter 13 plan in this case, I find that the $1,525.00 he received in advance of the filing of the petition is clearly excessive. In this district, as in most districts that I am aware of, $1,500.00 is the upper end of fees charged and received in successful, routine Chapter 13 cases, with the majority of attorneys charging less than that. While this case would appear to be a very routine and uncomplicated case, it was hardly successful since no effort was made to file a Chapter 13 plan until almost three (3) months after it was filed. The services rendered by Mr. Haller in connection with this case are more akin to those rendered to a debtor in a routine Chapter 7 case, and he should receive no more in fees than would reasonable in that type of case. Accordingly, I find that all fees received in excess of $750.00 plus $25.00 in costs constitute excessive fees and shall be disgorged and returned to the debtor.

It is therefore, ORDERED AND ADJUDGED that the debtor's counsel, Arthur G. Haller, be and he is ordered to remit the sum of $750.00 to the debtor, Ernell Cook, Sr. within fifteen (15) days from the date of entry of this order and to certify compliance herewith with the court.

DONE AND ORDERED.